**DLD-169**                                                                **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 10-1687
_____

MARIO MARTINEZ-MORENO,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-493-231)
Immigration Judge: Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 27.4 and I. O. P. 10.6
April 15, 2010
Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2010)
_____

OPINION
_____

PER CURIAM

Mario Martinez-Moreno, a native and citizen of Mexico, entered the United States

unlawfully in 1994. Approximately two years later, in April 1996, he was convicted in

New Jersey Superior Court for possession with intent to distribute a controlled substance

on or near school property. See N.J.S.A. § 2C:35-7 (2005).

In December 2007, Martinez-Moreno was served with a Notice to Appear charging him with removability as an alien present in the United States without being admitted or paroled. See INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. Martinez-Moreno conceded removability but sought cancellation of removal under INA § 240A(b) [8 U.S.C. § 1229b(b)]. Following a hearing, the Immigration Judge (IJ) denied his application on the ground that his New Jersey controlled substances conviction rendered him ineligible for relief. See 8 U.S.C. § 1229b(b)(1)(C). By order entered February 5, 2010, the BIA affirmed the IJ's decision. Martinez-Moreno filed a timely petition for review in this Court.[1] The government now moves for summary action.

Upon review, we agree with the government that the BIA correctly concluded that Martinez-Moreno is ineligible for cancellation of removal due to his controlled substance conviction. 8 U.S.C. § 1229b(b)(1)(C) renders an alien ineligible for cancellation of removal if he has been convicted of an offense under § 1182(a)(2). Section 1182(a)(2), in turn, states that an alien is inadmissible if he has been convicted of "a violation of . . . any law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Because Martinez-Moreno's conviction under N.J.S.A. § 2C:35-7 clearly meets this description,[2] he is ineligible for cancellation of removal.

_____

[1] We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1).

[2] 8 U.S.C. § 1182(a)(2)(A)(i)(II) refers to Section 802 of Title 21 for a definition of "controlled substance."

2

Because the appeal presents no substantial question, <u>see</u> Third Cir. LAR 27.4 and

I. O. P. 10.6, we grant the motion and will deny Martinez-Moreno's petition for review.

The motion for a stay of removal is denied.